The Chancellor.
Benjamin McCoury, by his will, among other things, gave and directed as follows:
I give and bequeath to my wife Catharine $2000, and also give to her the yearly interest arising from outstanding bonds, for her support during her natural life.
I give and bequeath to my sister Jane, widow of Zephaniah Horton, of North Carolina, $1000, if she be living; if not living, I give the said $1000 to her grandson, Lorenzo D. Poteet.
After several pecuniary bequests, the will contains the following provisions :
I order and direct my executors to sell and dispose of my lands, and give deeds for the same, as I might do if living, and also to sell my household furniture, except such articles as my wife may think proper to keep.
I give the residue of my estate to the before named legatees, to be divided share and share alike, in addition to what I have given them, after deducting debts (if any) and costs in carrying this will through its proper course.
I do further order and direct the aforesaid legatees to be paid as soon after the decease of my wife as conveniently may be, and not before, without her special leave and consent.
A number of questions have arisen as touching the true construction of the will, in regard to which the executors ask the direction of the court.
I. It is claimed that the wife took an estate for life in the real estate by implication, and that she was also entitled to the use of all the personal estate.
All estates by implication are founded upon the supposed intent of the testator; and where implications are allowed, they must be such as are necessary, (or at least highly probable) and not merely possible implications.
“ In construing a will, conjecture must not be taken for implication; but necessary implication means, not natural necessity, but so strong a probability of intention that an intention contrary to that which is imputed to the testator can *73 not be supposed.” Coryton v. Helyar, 2 Cox 340; Wilkinson v. Adam, 1 Ves. & B. 466; 2 Bla. Com. 381; Roper on Legacies 84, 724.
The whole will, taken together, must produce the conviction that the testator’s intention was to create the estate raised by implication. Bootle v. Blundell, 1 Mer. 219; Brummel v. Brother, 3 Ves. 113; Rathbone v. Dyckman, 3 Paige 9.
A devise of real estate to the heir upon the death of the wife is a devise to the wife for life by implication; for the intent of the testator is clear to postpone the heir till the death of the wife. And if the wife does not take, no one else can. But it is otherwise when the devise over is to a stranger; for until the death of the wife the heir will take. 2 Bla. Com. 381; Smartle v. Scholar, 2 Lev. 207; S. C, 1 Freeman’s Law Reg. 458, case 625; Gardner v. Sheldon, Vaughan 263; S. C., Freeman 11, case 9.
So a bequest of personal estate to A, upon the death of B, is a bequest to B for life by implication; for otherwise there would be an intestacy till the death of B. Blackwell v. Bull, 1 Keen 176; 1 Roper on Legacies 1446.
As to the real estate, there is no devise over upon the death of the wife. The will contains no disposition of the real estate, but a direction to the executors to sell and dispose of it. The implication is sought to be raised upon the ground that the legacies are not to be paid before the wife’s death “without her special leave and consent.” As these legacies are to be paid out of the proceeds of the sale of the real and personal estate, it is urged that the testator must have intended that she should have the use of them until her death. I think, upon the face of the will, the implication is strongly the other way. If the testator had intended that his wife should have the use of his entire estate, real and personal, for life, it would have been natural for him so to have said in express terms. On the contrary, he has given to her specifically $2000, also the yearly interest arising from outstanding bonds, for her support during life. Again, *74 if the testator had designed that the land should not be sold until after his wife’s death, he would naturally have so directed. But the will contains no intimation that the sale of the real estate should be postponed until after the wife’s death; on the contrary, it is coupled immediately with the sale of the household furniture, which was manifestly designed to be sold in the lifetime of the wife. The condition of the testator’s estate renders it highly probable, if not absolutely certain, that he intended that the real estate should be sold in the lifetime of the wife. Deducting the outstanding bonds, the personal estate of the testator was insufficient to pay to the wife the legacy of $2000, which he must have contemplated would be paid in her lifetime. If, therefore, the ydfe had called for her legacy of $2000, to which she was clearly entitled at the expiration of a year from the death of the testator, the land must have been sold to pay it. There is a satisfactory reason for the direction that the legacies should not be paid till the death of the wife without her consent, independent of any intention to postpone the sale of the land till that time. Even with the proceeds of the real estate, in addition to the personal, after the payment of debts and expenses and the legacies to the wife, there would have remained assets sufficient to satisfy only a small proportion of the legacies. It was therefore left to the wife to determine whether any, or which of them should be paid. In other words, it was the testator’s intention that no legacy should be payable in the wife’s lifetime which there were not assets, independent of the wife’s rights, to satisfy.
It is further urged, that the legacy not being given in lieu of dower, the real estate was subject to the wife’s dower, and that the testator could not have intended to sell .the land subject to that encumbrance, nor to limit the wife’s enjoyment to a third of the homestead on which she had lived, and to compel her to enjoy the mansion house with strangers. These circumstances are sufficient to fur■nish grounds for conjecture, but not to create an estate by implication. None .of the cases cited go so far. They all *75 contain circumstances far more decisive, upon which the implication rests. The strongest case cited is that of Davis v. Hopkins, 2 Beav. 276. That was regarded by the master of the rolls as a case of doubt; yet the controlling circumstance wms of stronger significance than anything in this case.
II. The gift to the wife by implication of such articles of household furniture as she might think proper to keep, is an absolute gift of the property. There is nothing in the will or in the terms of the bequest in any way to qualify the gift, or to limit it to a life interest. The provision is equivalent to a gift to the wife of such articles of household furniture as she may choose, with a direction to the executors to make sale of the residue.
III. The wile takes no interest in the residue. It is a vested legacy by the terms of the residuary bequest, and would go to the representatives of the wife, if the gift was to her. And if she were the legatee, the fact that it was payable after her death would not impair her interest. But the question remains, was she a legatee within the meaning of the testator. The wife was a legatee under the will, and is clearly comprehended in the description of the “ before mentioned legatees.” But that the testator did not intend to include his wife in this general description is obvious from the succeeding clause, in which he orders the “ aforesaid legatees ” to be paid as soon after the decease of his wife as conveniently might be, and not before, without her consent. The testator could not have intended that the legacy to his wife should not be paid till after her death, nor that her consent should be obtained to the payment of her own legacy. It is certain that the direction could not apply to the bequest made to the wife for her support.
IV. The legacy to Jane Horton vested in the legatee upon the death of the testator, and goes to her representatives. The gift over is only, upon the contingency of the lapsing of *76 the legacy to the first legatee by her dying "in the lifetime of the testator. .Where there is nothing in the instrument indicating a contrary interest, the will is construed as speaking at the death of the testator. The phrase, “if she be living,” means if she be living at the testator’s death. As Jane Horton survived the testator, she took the gift absolutely:
V.' The heirs-at-law took no beneficial interest in the real estate, though the legal title vested in them upon the death of the ancestor. The beneficial interest belonged to the residuary legatees, subject to the widow’s dower right. The executors were entitled to a reasonable time, in the exercise of their discretion, for making sale of the land. Within that time, dower not having been assigned, the widow was properly permitted to occupy and enjoy the premises. The delay in making the sale was occasioned by a mistaken apprehension of the rights of the parties, and not to the exercise of a sound discretion by the executors in the execution of the power conferred upon them. I think, under the circumstances, one year a reasonable time to be allowed for the sale of the real estate. The executors should account to the estate for interest on two-thirds of the proceeds of the sale of the land from the expiration of one year after the testator’s death. One-third of the amount paid for taxes and repairs during that period is properly chargeable to the widow. The remaining two-thirds should be borne by the estate.