Executors of JOHN S. DENISE, deceased.

*v.*

MARY C. DENISE et al.

1. A legatee indebted to his testator must pay his debt, or his legacy may be applied in discharge of his debt.

2. Under the twentieth section of the statute of wills, the substituted legatee takes subject to the equities existing against the primary legatee, and if the primary legatee is indebted to the testator's estate, the substituted legatee will only take so much of the legacy as is left after the debt is paid.

3. The statute was designed simply to relieve from hardship, and should not, by construction, be extended beyond the purpose of its enactment.

4. A bequest to A, with a limitation over in case A should die without leaving issue, vests the sum given absolutely in A if he is alive when distribution is made; and the gift over in such a case will only take effect in the event of A's death before distribution.

5. A devise or bequest may arise from implication.   Any words in a will which manifest an intention to create or give a legacy, are sufficient for that purpose.

6. The implication on which such a bequest must be founded must be a necessary one, not natural necessity, but so strong a probability of an intention to give must appear, that an intention contrary to that which is imputed to the testator, cannot be supposed to have existed in his mind.

7. A construction in favor of a bequest by implication should never be adopted except in cases where, after a careful and full consideration of the whole will, the mind of the judge is convinced that the testator intended to make the bequest.

On final hearing on bill, answer and proofs taken before a master.

Denise's Executors *v.* Denise.

*Mr. John J. Ely*, for complainants.

*Mr. Frank P. McDermott*, for defendants.

VAN FLEET, V. C.

The object of the bill in this case is to procure a construction of the will of John S. Denise, deceased.   The principal question which the parties ask to have decided is, whether the legatee substituted by the twentieth section of our statute concerning wills, in case the legatee named in the will dies during the life of the testator, takes subject to the equities which would have existed against the primary legatee had he survived the testator, or free and clear of them.

The facts are these : The testator made his will on the 2d of April, 1873, and died on the 31st of December, 1880.  He added a codicil on the 28th of April, 1879, by which he made a specific bequest to one of his grandchildren, and appointed two

NOTE.—Where a grandchild claims his father's share in the distribution of his intestate grandfather's estate, debts due from his father to his grandfather must be deducted therefrom, *Earnest* v. *Earnest, 5 Rawle 213 ; Girard Ins. Co.* v. *Wilson, 57 Pa. St. 182 ;* see *Calhoun* v. *Crossgrove, 33 La. Ann. 1001.*

The rule applies to advancements, *Proud* v. *Turner, 2 P. Wms. 560 ; McRae* v. *McRae, 3 Bradf. 199 ;* see *Skinner* v. *Wynne, 2 Jones Eq. 41 ; Person's Appeal, 74 Pa. St. 121 ; Brown* v. *Taylor, 62 Ind. 295.*

If a legacy be given to A for life, with remainder to his children, the executors cannot set off against the principal of the legacy a debt due from A to the testator, *Voorhees* v. *Voorhees, 3 C. E. Gr. 223.* Unless there be an express direction to deduct such debt, *Youmans* v. *Youmans, 11 C. E. Gr. 149 ;* see *Scott* v. *Nelson, 3 Porter 452.*

The grandchildren take under the will of their grandfather, and consequently their father cannot, by alienation or bequest, affect their interest, *Newbold* v. *Pritchett, 2 Whart. 46 ;* but see *Johnson* v. *Johnson, 3 Hare 157 ; Jones* v. *Hensler, L. R. (19 Ch. Div.) 612 ;* the widow of the father takes no interest, *Hamlin* v. *Osgood, 1 Redf. 409 ; Jones* v. *Jones, 37 Ala. 646 ; Schneider* v. *Koester, 54 Mo. 500 ;* but see *Eager* v. *Furnivall, L. R. (17 Ch. Div.) 115 ; Fletcher* v. *Wormington, 24 Kan. 259 ;* nor the grandmother, *Journell* v. *Leighton, 49 Iowa 601 ;* nor the father's creditors, *Cook* v. *Munn (N. Y. S. C.), 23 N. Y. Reg. 1133 ; Battle* v. *House, 4 Lea 202.*

A direct residuary bequest to grandchildren is not subject to a set-off of a debt due from their father to their grandparent, *Thatcher* v. *Cannon, 6 Bush 541 ;* see *University Appeal, 97 Pa. St. 187.*  Nor is a legacy to the children of a deceased son a satisfaction of a debt due from the father to such son, *Ladson* v. *Ward, 1 Desauss. 314.*—REP.

of his sons as executors, in addition to the two he had appointed by his will, but made no other change.  He gave his son Sidney ·C. a legacy of $3,000, and to his son Rusha he gave a legacy of $2,000.  He made other bequests which need not be particularly mentioned, and then authorized his executors to sell all his property, both personal and real, at private or public sale, as they might deem most advisable, and after his debts, funeral expenses and legacies were paid, directed that the residue should be disposed of as follows :

"I do order and direct that the residue of my estate be equally divided between my following-named children, share and share alike ; that is to say, to my sons, Tunis, William T., John H., Sidney C., Rusha and David D. Denise, and my daughter, Sarah Jane Jackson; and in case any of my said seven children last named should die without leaving lawful issue, then, in that case, I order that the share of such as may die without issue, to be divided amongst ·the survivors of the above-named seven of my children, share and share alike."

The testator's son Sidney died on the 3d of September, 1875, more than five years before his father.  He left two children, who still survive.  At the time of his death he was indebted to his father, on promissory notes, in a sum exceeding $3,200.  He , died insolvent.  The testator's son Rusha also died in his father's lifetime.  His death occurred on the 14th of December, 1880, less than three weeks before his father's death.  He left a child who is also still living.  He was also indebted to his father, at the time of his death, on promissory notes.  His debt exceeded $4,200, and he, too, died insolvent.  The question the executors ask to have decided on these facts, is this : whether the person whom our statute, in such an event as that which has happened in this case, puts in the place of the legatee named in the will, takes subject to the debts of the primary legatee to the testator's estate.

It is a principle founded in sound reason and justice, that a legatee indebted to the testator under whose will he is entitled to a legacy, shall accept his debt in payment of his legacy, or his legacy may be applied in discharge of his debt. · Vice-Chancellor Shadwell says the proper answer to be made to a legatee who asks for the payment of his legacy without first paying his

debt, even in a case where the remedy at law for the collection of his debt is barred by the statute of limitations, is, "you ask for a portion of the assets of the testator, but you are yourself a debtor to the testator's estate, and his assets are diminished *pro tanto* by your default; it is against conscience that you should take anything out of the estate until you have made good what you owe to it." *Courtenay* v. *Williams, 3 Hare 539, 553.*

There can be no doubt, if the legatees named in this will were here in person, asking for the payment of their legacies, the court would be bound, by well-settled principles, to decree that their legacies were paid to the extent that they were indebted to the testator. The cases on this subject are numerous. I shall only cite those decided by this court. *Snyder* v. *Warbasse, 3 Stock. 463; Voorhees* v. *Voorhees's Exrs., 3 C. E. Gr. 223; Brokaw* v. *Hudson's Exrs., 12 C. E. Gr. 135.*

But for our statute, it is clear the legacy of $3,000 given to Sidney, and that of $2,000 given to Rusha, would have lapsed, and fallen into the testator's residuary estate and passed as part of it. But our statute provides that when a legatee, being a child or other descendant of the testator, shall die during the life of the testator, leaving a child or children, who shall survive the testator, the legacy shall not lapse, but the estate bequeathed shall vest in such child or children, in the same manner as if such legatee had survived the testator and had died intestate. *Rev. p. 1246 § 20.* Statutes similar in character have been passed in many of our sister states, and while many questions have arisen under them, I find but a single instance in which the question now before the court has been decided. That case arose under a statute of Kentucky, which provides that if a devisee or legatee dies before the testator, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator. The question was there, as it is here, whether the legatee substituted by statute took subject to the equities which would have existed against the primary legatee, had he survived the testator, or free from them, and the court held that he took free from them. That result was reached by drawing a very subtle,

and, as I think, unwarranted distinction between the position of the primary legatee, as a beneficiary under the will, and his position as a debtor to the testator's estate. The subject in dispute in that case was a legacy of the one-tenth of the testator's residuary estate. The court say the primary legatee, if he had survived the testator, would have been entitled to his one-tenth, without encumbrance or charge, because it was not encumbered or charged by the will, but they admit that when he came to ask for payment, the executors would have had a right to retain so much of his legacy as would have been required to pay his debt, "but this right," the court argue, "would have been founded upon equities wholly extrinsic, and having no connection with the will, or with any right derivable from it; so that it could not, with any propriety of speech, be said that the legatee, if he had survived, would have taken the estate bequeathed, subject to the payment of his debt to the testator." *Carson* v. *Carson, 1 Metc. 300.* I cannot concur in this reasoning. It appears to me to be unsound in its main premises. The law of the land constitutes a part of every will, and the rights of every legatee must be defined, measured and enforced by its rules. The law says a legatee indebted to his testator must pay his debt, or his legacy may be applied in discharge of his debt. That being the standard by which the rights of a legatee thus situated must be measured, I cannot regard it as true, either in fact or in logic, that he takes his legacy free from his debt; on the contrary, I think the fact is, that his legacy is so absolutely subject to the payment of his debt, that if his debt happens to exceed his legacy, he cannot collect a penny of his legacy.

Besides, the construction adopted in the case just referred to entirely overlooks, as it seems to me, the imperfection in our legal system which this statute was intended to remove. As the law stood before the enactment of the statute, if a father made a will, distributing his estate as he thought proper among his children, and one of them happened to die in his lifetime, leaving a family of children, unless he was wise enough to provide in his will for such an event, the children of his dead child would get nothing, and his children who survived him would

get his whole estate. This condition of the law sometimes resulted in cases of great hardship, and transmitted a part of a testator's estate in a direction he never intended it should go, and where, in justice, it ought not to have gone. The statute was passed to remedy this imperfection, and to relieve grandchildren from the danger of such a misfortune. It meant simply to put them in the place of their parent, in such a contingency, and to give them a right to take what their parent would have taken if he had survived the testator. But it is quite manifest, I think, that it was not intended to raise grandchildren to a plane higher than that which their parent could ever have occupied, or to give them rights as against the other beneficiaries under the will, which the person in whose place they are substituted never would have been permitted to assert. The statute-made legatee is a mere substitute; he is thrust, by force of the statute, in the place made vacant by the death of the legatee named in the will, and is given what, but for his death, would have gone to the primary legatee. He takes the primary legatee's place, as a beneficiary under the will, and should, according to the ordinary rule prevailing in like cases, bear his burdens, and be subject to the equities which would have existed against him. The statute was designed simply to relieve from a hardship, and should not, by construction, be extended beyond the purpose of its enactment. It is in derogation of the right of testamentary disposition; it makes persons legatees not designated as such by the testator; it is true this is done on the theory which is probably correct in the great majority of instances—that if the testator had foreseen the condition of affairs actually existing at the time his will takes effect, he would have made the same persons legatees that the statute makes, but it is very obvious that such a statute should not be enlarged or extended by construction. Statutes must always be construed so as to give effect to the intent and object of the legislature, and this one, I think, must be so read as to cure the mischief it was intended to remedy; that is, it should be held to put the substituted legatee in the place of his parent, and to give him just what his parent would have been entitled to, subject to the same equities that his parent would

have been subject to, and bound by the same rules of justice that his parent would have been bound by. He must take in the same manner that his parent would have taken. This, I am convinced, is the meaning of the statute, and it must, therefore, be held that the complainants have a right, as against the substituted legatees, to retain the whole of the legacies of $3,000 and $2,000 in part payment of the debts due by the primary legatees to the testator's estate.

The right of the issue of Sidney and Rusha to two-sevenths of the residuary estate, stands, I think, on an entirely different footing. The testator gives to each of his seven children an equal share of his residuary estate, and then says:

"In case any of my said seven children last named should die without leaving lawful issue, then, in that case, I order that the share of such as may die without issue, to be divided amongst the survivors of the above-named seven of my children, share and share alike."

There can be no doubt, according to the rule held in this state, that, under a bequest expressed in this form, the legatees take absolutely, if they survive to the time of distribution, and that the gift over will take effect only in the event of the death of the first legatee before distribution. The chancellor, in a recent case, has construed a will in all respects, so far as this question is concerned, identical with the one now under consideration, and I need, therefore, on this point, do no more than cite his opinion. *Baldwin* v. *Taylor, 10 Stew. Eq. 78.* No bequest, it will be observed, is made to the survivors unless the first legatee dies without leaving lawful issue. It is clear, then, the survivors do not take. The contingency on which they were to take has not happened. Where, then, did the testator intend the shares of such of his children as should die before distribution, leaving issue, should go? It is plain that he did not intend to die intestate as to any part of his estate. He made careful provision for the disposition of the whole of it, and even attempted to provide for contingencies which seemed possible to his mind. A devise or bequest may arise from implication. Any words in a will which manifest an intention to

Denise's Executors v. Denise.

create or give a legacy, are sufficient for that purpose. In deciding whether a legacy is given by implication or not, conjecture must not be taken for implication. To create a bequest in that way, the implication on which it is founded must be a necessary one; not natural necessity, but so strong a probability of an intention to give must appear, that an intention contrary to that which is imputed to the testator, cannot be supposed to have existed in his mind. A construction in favor of a bequest by implication, should never be adopted except in cases where, after a careful and full consideration of the whole will, the mind of the judge is convinced that the testator intended to make the bequest. *McCoury's Executors* v. *Leek, 1 McCart. 70.; Holton* ads. *White, 3 Zab. 330.*

Applying this test to the case in hand, I think it is quite apparent the testator intended that the issue of any of his children who should die before distribution, should take that share of his residuary estate which his will gave to their parent. Indeed, the implication in that regard is not only highly probable, but comes very near absolute certainty. *Harman* v. *Dickenson, 1 Bro. C. C. 91,* is directly in point. A testator made a bequest to his two daughters, and directed that if either should die without issue the bequest should go to the survivor. One of the daughters married and had issue, and afterwards died, leaving her issue surviving. And afterwards the other died. Lord Thurlow decided that the bequest went to the issue of the married daughter, though her sister survived her. This result, it is obvious, could only be reached on the theory that there was an implied bequest to the issue.

In my judgment, there is an implied bequest in this will to the issue of such of the residuary legatees as should die before distribution; and, consequently, I hold that the issue of Sidney and Rusha each take the one-seventh of the residuary estate in their own right, by force of a bequest directly to them, and free from any equities existing against their parents.