Bishop *v.* McClelland.

HOWARD BISHOP

*v.*

THE EXECUTORS OF MARY A. McCLELLAND, deceased.

1. Where there is a gift to one person, and in case of his death, then to another, the gift over is construed to take effect only in the event of the death of the first legatee before the period of payment or distribution.

2. A gift may arise from implication, but the implication must be a necessary one. The probability of an intention to make the gift implied must appear to be so strong that an intention contrary to that which is imputed to the testator cannot be supposed to have existed in his mind.

3. A construction in favor of a gift by implication should never be adopted except in cases where, after a careful and full consideration of the whole will, the mind of the judge is convinced that the testator intended to make the gift.

4. Under a gift of a particular fund or sum of money to two or more, to be divided among them, share and share alike, the legatees take as tenants in common, and not as joint tenants.

5. A gift of the interest, income or produce of a fund, without limitation as to continuance, or without limit as to time, will be held to pass the fund itself, and this effect will be given to a gift made in this form, whether the gift be made directly to the legatee or through the intervention of a trustee.

On final hearing on bill and answer.

*Mr. C. B. Harvey,* for complainant.

*Mr. George C. Ludlow,* for defendants.

VAN FLEET, V. C.

This is a suit for a legacy. The case presents but a single question, and that is, What is the complainant entitled to, $12,000 or $6,000?

The complainant is a great-grandson of Mrs. Mary A. McClelland, deceased. By her will, made in March, 1864, Mrs. McClelland gave her two grandchildren, Howard W. Bishop (the father of the complainant), and Alexander McC. Bishop, each the sum of $3,000. Howard W. Bishop died in Septem-

ber, 1866, leaving the complainant, his only child, surviving
him. The testatrix, by a codicil made in December, 1868,
revoked the gift made by her will, of $3,000 each, to her two
grandchildren, and in lieu thereof, gave to her executors the
sum of $12,000, with direction to invest the same for the sole
use and benefit of her grandson, Alexander McC. Bishop, and
of her great-grandson, the son of her deceased grandson, Howard
W. Bishop. The codicil then says:

"And I hereby order and direct my executors to pay over one-half of the
clear yearly income of said sum to Alexander, and the other half of said in-
come to the guardian of my great-grandson, until my great-grandson shall be-
come of lawful age, when my executors shall pay over the same, together with
the principal thereof, to my great-grandson and my grandson Alexander,
share and share alike. Should either of said descendants die, the survivor
shall have the whole of the interest on said sum. Should both these die
before the said great-grandchild comes of age, the whole, together with the
principal thereof, shall revert to my estate, to be disposed of accordingly."

By a further codicil, made in January, 1869, the testatrix said:

"If my grandson, Alexander McC. Bishop, and my great-grandson, Howard
Bishop, both die without children, then their and each of their shares shall
revert to my estate."

The testatrix died in February, 1870. Her grandson, Alex-
ander McC. Bishop, died without issue, never having been
married, in April, 1885. The complainant attained his majority
in February, 1888. Shortly after that event, he made demand
on the defendants for the payment of the whole $12,000, claim-
ing, that as he had survived his co-legatee, he, on attaining his
majority, became entitled, by the true construction of the will, to
the whole fund. The defendants offered to pay him one-half of
the whole fund, together with the interest on the whole up to
the time he attained his majority, but this he declined, and there-
upon brought this suit.

The court cannot, in this suit, or on the present record, decide
any question except this, Is the complainant entitled to the
whole fund in question? If it is found that he is not, but is
only entitled to half, the question where the other half goes,

whether it falls into the residue of the testatrix's estate or goes to the personal representatives of the deceased legatee, is one that the court cannot deal with in the present condition of the record. None of the persons having the highest beneficial interest in the decision of that question, are before the court as parties, and they would not, therefore, be bound by any decision of that question which might be made in this suit. The gift over, or rather the direction contained in the last codicil, declaring that if both the grandson and great-grandson die without children, that then their and each of their shares shall revert, must, according to the prevailing rule in such cases, be held to mean, that if both should die before the time fixed for the payment of the legacies, that is, before the great-grandson attained twenty-one years of age, that then and in that case, the $12,000 should fall into the residue of the testatrix's estate. The settled rule of construction in such case is, not to interpret the will as meaning death at any time, but death before the legacy or fund is, by the terms of the will, payable or distributable. *Baldwin* v. *Taylor, 10 Stew. Eq. 78; S. C. on appeal, 11 Stew. Eq. 637.*

The complainant puts his right to the whole fund in question on two grounds : First, that there is a gift made to him, by implication, of the whole fund ; and second, it is claimed that where a bequest is made to two persons of a particular sum, payable at a future time, with direction that the money shall, in the meantime, be invested, and the interest thereof be paid to the legatees, and there is also a gift of the interest of the whole fund to the survivor, in case one dies before the time for payment arrives,. that the gift of the interest in such case carries with it the whole fund, both principal and interest. The claim is, that, by force of this rule, the complainant is entitled to the whole fund. On neither ground can the complainant's claim, in my judgment, be sustained.

A bequest may undoubtedly arise from implication, but to warrant the court in so declaring, there must be something more than conjecture to support its declaration. The implication must be a necessary one. The probability of an intention to make the gift implied must appear to be so strong, that an intention con-

trary to that which is imputed to the testator cannot be supposed to have existed in his mind. A construction in favor of a gift by implication should never be adopted, except in cases where, after a careful and full consideration of the whole will, the mind of the judge is convinced that the testator intended to make the gift. *Denise* v. *Denise, 10 Stew. Eq. 163.* Now, as I read the testatrix's will, there is not only nothing on its face which will support an implication that the testatrix meant that the complainant should, in any event, or under any circumstances, take the whole fund, but, on the contrary, I think it quite clearly appears that such was not her intention. The gift to the complainant and his co-legatee is made by separate and distinct parts or shares. The principal is to be paid to them " share and share alike." They take equally in severalty. Under a gift in this form to two or more the legatees take, not as joint tenants, but as tenants in common, without right of survivorship. *2 Wms. on Exrs. 1463 ; Hawk. on Wills 112 ; Heathe* v. *Heathe, 2 Atk. 121 ; Vreeland* v. *Van Ryper, 2 C. E. Gr. 133.* The same intention is made manifest again when the testatrix makes provision as to what shall be done in case either of the legatees happen to die before the fund becomes payable. In that event she says, " The survivor shall have the whole of the interest on said sum," thus, by express words, limiting the enlargement or increase of the right of the survivor to the interest, but leaving his right to the principal exactly as it stood before. And so, too, it will be observed, that the testatrix, when she gives direction as to what shall be done in case both legatees die without children, before the fund becomes payable, treats or speaks of their rights in the fund as several and distinct. Her language is that " their and each of their shares " shall revert to her estate. There is nothing in the testamentary provisions under consideration which will, in my judgment, support the claim of a gift by implication.

The other claim of the complainant is, in my opinion, also groundless. There can be no doubt that a gift of the interest, income or produce of a fund, without limitation as to continuance, or without limit as to time, will, according to a settled rule

of construction, be held to pass the fund itself, and this will be the effect given to a gift made in this form, whether the gift be made directly to the legatee or through the intervention of a trustee. *2 Wms. on Exrs. 1193; Craft v. Snook, 2 Beas. 121; Gulick v. Gulick, 10 C. E. Gr. 324; S. C. on appeal, 12 C. E. Gr. 498; Huston v. Reed, 5 Stew. Eq. 591.* But it is perfectly plain that the complainant cannot, by force of this rule, lay the slightest claim to that half of the fund in question which was given to his co-legatee. It is true, that, in consequence of the death of his co-legatee before the fund became payable, he became entitled, under the will, to the interest of the whole fund, from the date of the death of his co-legatee up to the time when the fund became payable, but the gift of the interest to him was not forever or without limit as to time. The natural and obvious meaning of the gift of "the whole of the interest on said sum" to the survivor is, not that the survivor shall have a right to take the interest on the whole fund forever, or without limit as to time, but, on the contrary, that he shall have the right to take it merely for the period intervening between the time when his co-legatee died and the time when the fund became payable.

As I construe the testamentary provisions on which the complainant rests his claim, he is entitled to one-half of the fund in question, together with the interest on the whole fund from the time of the death of his co-legatee up to the time the complainant attained his majority, but to nothing more.