The bill is filed by the executor for an interpretation of the will of Christopher J. Tipper, deceased, and directions in regard thereto. The issue for determination is whether, under the will in question, the testator's homestead at 1248 Clinton place, passes to his widow or passes under the residuary clause of the will to the widow and six children (all daughters) in equal shares. The executors have a power of sale over all real estate.
After providing for debts, funeral expenses and one or two small bequests, the will proceeds as follows:
"Third — My homestead at No. 1248 Clinton Place is now held by me and my wife jointly, and at my death will become her property by the operation of law, so that there is no reason for disposing of it herein and hereby, and I refer to the same only for the purpose of expressing my desire that my beloved wife occupy and maintain the same as a home for our children and keep them about her there for as long a time as possible and while she considers it for the common good of the family."
Then follows a number of bequests of designated securities, considerable in amount, which, roughly speaking, are given in approximately equal shares to the wife and six daughters; a provision substituting as legatees or devisees the children of any daughter who might predecease him; and the residuary clause hereinbefore mentioned. *Page 433 
In fact the homestead property was not owned jointly by testator and his wife, and never had been. It was owned by him individually.
It is contended that the language of the third paragraph of the will (quoted ante) implies an intention that the wife shall have the homestead in fee-simple, and that the court should by its decree declare that to be the true construction of the will in this behalf.
It is quite possible that the testator would have made such a devise to his wife, if he had realized that the homestead was owned by himself alone; but he has not expressed such a devise or intent — and it is by no means certain that he would have made such a devise rather than some different disposition of the residence.
It is evident that he mistakenly believed that the wife was a joint owner of the property and would upon his death become sole owner thereof by operation of law without any testamentary disposition by him. But it is almost equally certain that he knew that if the wife were joint owner no attempted testamentary disposition of the residence by him, of whatever kind, could be of any avail. Such knowledge by him must be presumed, in the instant case.
We have then the fact that he made no testamentary disposition of this property — that he knowingly and intentionally made no testamentary disposition thereof. How then can it be said that the true intent of the testator, as expressed by the whole will, was to devise this property to his wife, when the expression of the will is that he does not make and does not intend to make any devise thereof?
Moreover, although it is doubtless a fair assumption that the testator would have made a specific devise of this property by his will, if he had not had the mistaken belief mentioned, it cannot be argued with any degree of probability — much less of certainty — that such devise would have been to the wife, absolutely. The whole will shows that the gifts are practically equal to the wife and each of the six daughters; it is quite possible that the devise of the homestead would have been made in like manner. Or perhaps the devise *Page 434 
might have been to the wife for life, with remainder to the daughters or to the wife, or the executors, in trust for the benefit of the wife and daughters so long as any one of them lived and remained unmarried and desired to occupy it as a home. There are a number of possible devises which are equally as compatible with the testator's probable desires, so far as they can be ascertained, as the devise to the wife. The third paragraph itself expresses a solicitude that the children should occupy the home, as well as the wife.
This court can construe and make definite an actual testamentary intent of the testator, where that intent has been placed by the testator in his will, either expressly or impliedly, however ineptly or ambiguously the phraseology in which such intent to dispose is clothed; but it cannot make a will, nor a testamentary disposition of any of testator's property where the testator himself has made no such disposition nor attempted so to do.
Under the will sub judice the homstead does not pass to the wife, but passes under the residuary clause to the wife and six daughters equally.