Annie Fink, complainant-appellant,

*v.*

Olga K. Harder et al., defendants-respondents.

[Submitted May 27th, 1932.  Decided October 17th, 1932.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fallon, who filed the following opinion:

"The complainant's suit is to quiet title to real estate situate in Jersey City, and involves the construction of a will dated June 10th, 1897, which was probated in 1901.  Testatrix, a widow, died June 4th, 1901, leaving two children her surviving, Frederick Poths and George Fink.  Poths died in January, 1908, leaving a last will and testament wherein he bequeathed and devised his estate to one Charlotte Kall, now deceased, who left a last will and testament devising her estate to her children, Olga Kall Harder, William F. Kall, George Kall, Henry Kall, Frank Kall and Frederick Kall, defendants herein.  George Fink died in October, 1926, leaving a last will and testament wherein he devised his estate to the complainant, his widow.  The jurisdictional requisites of a suit to quiet title are manifest in the case *sub judice*.  The aforesaid will *inter alia* provides:

"'*Second.* I give, devise and bequeath to my sons Frederick Poths and George Fink all my estate, both real and personal, and appoint my son George Fink as sole executor and trustee to collect the rents,

issues and profits and income of all my estate, both real and personal and divide the same equally between my sons Frederick Poths and George Fink. Should my son Frederick Poths predecease my son George Fink then his entire share is to fall to my son George Fink but should my son George Fink predecease his wife, Annie Fink, then his share is to fall to the said Annie Fink, but should both my son George Fink and his wife Annie Fink, predecease my son Frederick Poths, then the whole of my estate will fall to my son Frederick Poths and however the case may be the last survivor of the above-named beneficiaries will hold the whole of the estate until his or her death.

"*'Third.* From and after the death of my said sons Frederick Poths and George Fink and the said Annie Fink, I give and bequeath all the rest of my estate, both real and personal to the children of my son George Fink, if there be any, or their lawful issue.'

"No children were born to George Fink, and consequently the third paragraph of testatrix's will is inoperative as to the residue and remainder of the estate of testatrix. Since the death of George Fink the complainant has been in possession of the lands in question, claiming title thereto, in fee, and has received and appropriated to her own use the rents therefrom. Complainant is seventy years of age. Her husband was seventy-four years of age at the time of his death. Frederick Poths was seventy-seven years of age at the time of his death. The complainant's claim of title in fee is untenable. Her right to a life estate is conceded by paragraph 7 of the answer of defendants. By having allowed complainant to remain in possession of the lands in question, and to enjoy the rents thereof since the death of her husband, without questioning her right thereto, and by their answer filed herein have conceded to her life estate, defendants practically construed the will of testatrix as entitling complainant to such life estate, and I therefore deem it unnecessary to determine herein whether such part of the language of the will which reads, "but should my son George Fink predecease his wife, Annie Fink," relates to the event of the death of George Fink in the lifetime of the testatrix, or otherwise. Where, as in the case *sub judice,* parties in interest have practically construed a will, and allowed a beneficiary named therein to possess and enjoy a devise, relying upon the devisee's assumed right thereto, the parties to such practical

construction may be regarded as being estopped from asserting the contrary. *In re Marx, 103 N. Y. Supp. 446.* Although the second paragraph of the aforesaid will is not artistically phrased so as to create what appears to me to have been the intention of testatrix, that is, a life estate only to the several beneficiaries named therein, that she contemplated nothing more than such an estate to either of such beneficiaries is manifested, in my judgment, by the concluding words of said paragraph, "however the case may be, the last survivor of the above named beneficiaries will hold the whole of the estate until his or her death," and, by the third paragraph of the will, wherein she undertook to dispose of the residue and remainder of her estate from and after the death of the beneficiaries named in the second paragraph aforesaid. Although by emphasizing some parts of the will to the exclusion of others a different conclusion might be reached, the court cannot do so; it must read the will as a whole. See *West Side Trust Co.* v. *Giuliano, 106 N. J. Eq. 475; Jones' Ex'r's* v. *Stites, 19 N. J. Eq. 324.* In *Johnson* v. *Haldane, 95 N. J. Eq. 404* (at *p. 406*), the court says: 'In construing a will the predominant idea of the testator's mind, if apparent, is heeded as against all doubtful and conflicting provisions which might of themselves defeat it.'

"I will advise a decree in accordance with the conclusions hereinabove expressed."

*Mr. John F. Gough,* for the appellant.

*Mr. Irving S. Reeve,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons expressed in the opinion of Vice-Chancellor Fallon.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ.  13.

*For reversal*—None.