Elmer H. Rogers, a resident of Trenton, died testate on April 11th, 1907. His will, executed on May 8th, 1905, was duly probated. Surviving him were his widow, Mary Olivia Rogers, to whom letters testamentary were issued, a son, Alvin S. Rogers, and two daughters, Florence Rogers and Olivia R. Rogers. The two sisters of the testator, Mary Rogers and Ella Rogers, were also then living.
The will is composed of eight numerically designated articles. The first contains the usual directions to pay debts and expenses. The eighth nominates the executrix. The paragraphs of a donative quality read as follows:
"Second: I give, devise and bequeath unto my wife and children, or the survivor of them, all of my property, real and personal, to be used and enjoyed by them, or the survivor of them, during their natural lives, said property to be, by my executors hereinafter mentioned, invested in real estate and first bond and mortgage.
"Third: Upon the decease of my said wife and children, if the said children shall die without leaving lawful heirs of the body, I *Page 202 
direct that my executors, hereinafter mentioned, shall invest the sum of Five thousand dollars, the income thereof to be paid to William H. Bowers during his natural life.
"Fourth: Upon the decease of my said wife and children, if the said children shall die without leaving lawful heirs of the body, I direct that my executors, hereinafter mentioned, shall invest the sum of Five thousand dollars, the income thereof to be paid to Otto Goldy during his natural life.
"Fifth: I give, devise and bequeath upon the death of my wife and children, if the said children shall die without leaving lawful heirs of the body, all the rest and residue of my estate to my two sisters, Mary Rogers and Ella Rogers.
"Sixth: I give, devise and bequeath to my two sisters, Mary Rogers and Ella Rogers, the sum of Five thousand dollars, above directed to be invested for the use and benefit of William H. Bowers, when the said William H. Bowers is deceased.
"Seventh: I give, devise and bequeath to my two sisters, Mary Rogers and Ella Rogers, the sum of Five thousand Dollars, above directed to be invested for the use and benefit of Otto Goldy, when the said Otto Goldy is deceased."
Some succeeding events deserve mention. The widow of the testator, who was the executrix of the will, died on April 11th, 1934. On July 17th, 1934, the testator's daughter, Olivia, was appointed trustee to execute the testamentary trusts, and she presented the requisite bond and otherwise qualified to serve in that capacity. The testator's son, Alvin S. Rogers, died testate on May 23d 1937, devising and bequeathing his estate to his widow, Luella, who later married Mr. Daly. She is the complainant in this cause. The testator's son, Alvin, was survived by two minor children whose names are Alvin S. Rogers, Jr., and Esther Louise Rogers. On January 17th, 1940, Olivia R. Rogers, the substituted trustee, died intestate, survived by an illegitimate son, Lawrence Maurice Rogers. Her estate is being administered by Rosamond L. Gold. The testator's daughter, Florence, is still living but she is mentally incompetent and confined in an asylum. Of the two sisters of the testator, Mary died on August 6th, 1939, and Ella, although alive, is also incompetent. Otto Goldy, mentioned in the will, died on July 17th, 1934. William H. Bowers survives.
The deficiencies in the testament of Elmer H. Rogers are at once evident. A construction of the will is solicited. A *Page 203 
variety of divergent interpretations and conceptions are proposed: (1) The complainant contends that the testator died intestate as to the fee in the real estate (the personal property having now disappeared); that upon the death of the testator the fee in the real estate vested immediately in his heirs-at-law, the son and two daughters, subject to the interest of the widow, now deceased; that the life estates devised to the testator's children have merged with the fee which descended to them by reason of the intestacy of the testator as to his real estate; (2) the guardian ad litem of Florence Rogers and Lawrence Maurice Rogers, who are the surviving incompetent daughter and the illegitimate issue of the other daughter, contends that a trust was created by the second paragraph of the will but that the testator died intestate as to the corpus of his estate; that fact having been determined by the death of Alvin S. Rogers, survived by issue; that an undivided one-third interest in the real estate passed to Alvin S. Rogers upon his father's death and to his widow under Alvin's will; that the illegitimate son is entitled to the one-third interest of his mother, she having died intestate; (3) counsel for the trustee insists that the will set up a trust which will endure until Florence's death; that a gift of the fee to the issue of the testator's children, per capita, must be implied; (4) the guardian ad litem for Alvin S. Rogers' infant children declares that the will establishes a trust; that intestacy can only be established as of the death of the last life tenant for the gift is to the sisters of decedent unless at that time grandchildren of the testator are in existence; that if the children of Alvin S. Rogers survive Florence Rogers they will take as heirs-at-law and next of kin; (5) the guardian ad litem
of Ella Rogers, the incompetent sister, asserts that she takes under the will if any one of the decedent's children dies without issue or takes the share of any child so dying without issue or as heir-at-law and next of kin if testator died intestate as to any part of his estate.
I am constrained to conclude that a trust should be deemed to have been created by the second paragraph of the will. Pursuant to a petition addressed to the Chancellor, an order was made on July 17th, 1934, appointing Olivia the trustee. *Page 204 
Subsequently, as trustee she presented a petition wherein she sought authority to sell or mortgage certain of the real estate. On July 25th, 1939, an order was entered empowering her, as trustee, to convey a designated parcel of the realty. Thus, it is ascertained that two former Vice-Chancellors evidently so construed this paragraph of the will. Then it is also noticed that all the parties in interest have assumed from 1907 to 1941 that a trust was established. Although not controlling, the practical construction placed upon obscure provisions of a will by the beneficiaries thereof will be given consideration. 4 Pageon Wills § 1614; 69 C.J. § 1167. Sometimes, such operative construction produces an estoppel. Fink v. Harder, 111 N.J. Eq. 439; 162 Atl. Rep. 614. Eminently, the words of the testator evince his intention. The devise and bequest is to his wife and children "to be used and enjoyed by them, or the survivor of them, during their natural lives * * *." This express gift of a life estate to his wife and children cannot be ignored. It is the most intelligible provision of the will. Then follows the direction that "said property to be, by my executors hereinafter mentioned, invested in real estate and first bond and mortgage."
A testamentary trust may arise by implication. The essentials are present in this will. The property constituting the subject-matter is adequately described, the persons to be benefited during their lives are named and the intention to create a trust is indicated by the direction that the executors invest the principal in real estate or first mortgages. It is not the ordinary duty or function of an executor to invest his testator's estate and the direction contained in the will that the executor invest the estate in a specified manner is indicative of an intention to create a trust. It is therefore determined that by the second paragraph of the will, the testator created a trust for the benefit of his widow and children.
The suppositions that (a) the corpus vests in the sisters of the testator if any child dies unsurvived by issue at his or her death; or (b) that the proportionate part of the corpus vests in the sisters if any child dies unsurvived by issue; or *Page 205 
(c) that the gift to the sisters is defeated if any child is survived by issue, are all unwarranted. The testator obviously gave a life estate to his wife and children or the survivor of them, as a class. It is upon the demise of his wife and children and if the said children (not a child) shall die without leaving lawful heirs of the body, that he devises and bequeaths the remainder to his sisters. The perplexity is occasioned only by the testator's omission, inadvertent or otherwise, to express his wishes in the event his children, or one of them, died survived by issue. To the extent that the testator's intent is indubitable it must be respected. The estate was "to be used and enjoyed" by the wife and children "or the survivor of them during their natural lives * * *." The trust therefore endures until the death of the last life tenant. That is the earliest moment at which a further disposition of the estate can be accomplished.
If at the death of the last life tenant, there are no issue of the testator's children then alive, the gift to the sisters becomes consummate. If, as now seems probable, issue of the testator's children survive the last life tenant, the question presented for consideration is whether in such event the testator died intestate as to the remainder or whether a gift of the remainder to the surviving issue of the testator's children is existent by implication.
Devises by implication are not favored. There must be something more than conjecture to warrant the implication. The will itself must furnish the basis of the construction. To justify a gift by implication, the gift must rest on a probability of an intention so strong that an intention contrary to that which is thus imputed to the testator cannot be supposed to have existed in his mind. Where implications are permissible, they must be such as are at least highly probable and not merely possible implications. Holton and Huckley ads. White and Wife,23 N.J. Law 330, 334; Barlow v. Barnard, 51 N.J. Eq. 620, 622;28 Atl. Rep. 597; Bishop v. McClelland, 44 N.J. Eq. 450;16 Atl. Rep. 1; McCoury's Ex'rs v. Leek, 14 N.J. Eq. 70; Denise's Executors
v. Denise, 37 N.J. Eq. 163; People's National Bank of Elizabeth
v. Tipper, 100 N.J. Eq. 431; 136 Atl. Rep. 187; City Bank *Page 206 Farmers Trust Co. v. Hentz, 107 N.J. Eq. 283;152 Atl. Rep. 331; Van Nest v. Van Nest, 126 N.J. Eq. 234, 239; 8 Atl. Rep.
2d 558; Reynolds v. Reynolds, 16 N.J. Mis. R. 1;195 Atl. Rep. 721.
It may be supposed that this testatar would have desired to make some testamentary disposition in favor of the issue of his children if they should survive the last life tenant. If so, the nature of that desired and unexpressed disposition, whether in trust or in fee, per stirpes or per capita, is imperceptible. It is not apparent that the testator attempted to make any such disposition. Perhaps to the contrary, he foresaw this contingency and intended in such an event to die intestate as to the remainder. It is observed that at the time the will was executed, the testator's own children were only seven, eight and sixteen years of age. A testamentary gift to the grandchildren surviving at the termination of the life estate cannot be implied.
Therefore opinion (merely advisory) is expressed that if upon the death of the last life tenant, lawful heirs of the body of the testator's children are then living, the testator must be held to have died intestate as to the remainder. Although knowledge of the intestacy is postponed until the death of the last life tenant, the failure to dispose occurred at the testator's death.
It is alleged in the brief of one of the solicitors that the personalty in this estate has been disposed of and that all that remains is the real estate and the funds into which some of it has been converted. It may be well to point out at this time that the real estate, despite an inherent direction to the executors to sell and convert into personalty, would still be real estate as far as the contingency of intestacy is concerned. The doctrine of equitable conversion is a fiction of the court which is ineffective to the extent that the will fails. Ackroyd v.Smithson, 1 White T. Lead. Cas. (2d ed.) 690; Oberly v.Lerch, 18 N.J. Eq. 346, 352; Lerch v. Oberly, 18 N.J. Eq. 575,578; Roy v. Monroe, 47 N.J. Eq. 356, 360; 20 Atl. Rep. 481;Canfield v. Canfield, 62 N.J. Eq. 578; 50 Atl. Rep. 471;McGlynn v. McGlynn, 101 N.J. Eq. 66; 137 Atl. Rep. 434; White
v. Brinkerhoff, 109 N.J. Eq. *Page 207 553, 556; 158 Atl. Rep. 525. Such interest would have been vested in Alvin S. Rogers as of his death and hence will pass under his will.