On August 20th, 1942, one Sadie E. Arnold, a resident of the City of Trenton, died having duly executed a last will and testament which directed the disposition of her residuary estate in the following diction:
"Third: All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath in equal shares to my Granddaughter JUNE BETTY ARNOLD and my Grandson ROBERT LOUIS ARNOLD, both of the City of Trenton, New Jersey, to be paid over to my said Grandchild upon she or he becoming Twenty-one years of age.
"Fourth: I appoint my Son LOUIS E. ARNOLD guardian of the property of my Granddaughter JUNE BETTY ARNOLD and my Grandson ROBERT LOUIS ARNOLD during their minority and I authorize and invest my son LOUIS E. ARNOLD, as guardian of this property, with power, in his sole and absolute discretion, to sell and convey any or all of this property, at public or private sale, or lease, mortgage or pledge the same as he may deem wise; with power to retain or to alter or vary all investments and securities belonging to me at the time of my decease and to sell, at public or private sale, said investments and securities and to invest and reinvest the proceeds of such investments and securities as he may deem wise.
"I direct my Son LOUIS E. ARNOLD, as guardian, to apply the income and as much as may be needful, in his sole and absolute discretion, of the principal to the support, maintenance and education of my Granddaughter JUNE BETTY ARNOLD and my Grandson ROBERT LOUIS ARNOLD until she or he become Twenty-one years of age."
The First-Mechanics National Bank of Trenton was nominated executor and having completed its duties in that capacity, it has been discharged.
The residue of the estate comprises a parcel of improved real estate designated as No. 192 Rosemont Avenue in Trenton. The two grandchildren of the testatrix are living, one of whom, the defendant, is now of full age, and by her answer she acknowledges the truth of all the factual allegations of the bill of complaint and unites with the complainants in the prayer for a construction of the will. *Page 171 
The application to this court is encouraged by a present opportunity to convey the real estate at an advantageous price. The complainant Louis B. Arnold, as guardian of Robert Louis Arnold, a minor, and the defendant, June Betty Arnold, have contracted to execute a deed of conveyance, but the purchaser impugns the legal capacity of the so-called guardian to consummate the proposed sale.
I am persuaded by an examination of the will that the testatrix intended to create a trust by the "Fourth" article of her testament. True, she did not expressly characterize it as such, but the characteristics of the devise itself are informative. A testamentary trust may be revealed by implication where the intention to establish a trust is clearly manifested by the nature of the instructions and duties to be fulfilled in the execution of the obvious purpose of the testatrix. A trust will not arise by implication unless the person or object intended to be benefited thereby is properly and definitely distinguishable, the amount of property to which the trust shall attach is sufficiently defined, and unless the basic grounds for the implication become discernible by a consideration of all the relevant terms and provisions of the will.
Here no doubt exists concerning the identity of the property and the beneficiaries, and the duties imposed upon Louis E. Arnold to be performed by him during the minority of the beneficiaries were "to sell," "to lease, mortgage or pledge," "to retain, alter or vary," "to invest and reinvest," and "to apply the income * * * of the principal to the support, maintenance and education" of the beneficiaries "until she or he becomes Twenty-one years of age." Such testamentary directions are typically indicative of the establishment of a trust.Scarborough v. Scarborough, 134 N.J. Eq. 201; 34 Atl. Rep.
2d 791; Daly v. Rogers, 132 N.J. Eq. 200; 27 Atl. Rep.
2d 885.
The testatrix has exhibited her confidence in "the sole and absolute discretion" to be exercised by her son Louis. This evinces the intention of the testatrix that her son should be the trustee. The circumstance that she denominated him "guardian" is probably ascribable to her supposition that such was the appropriate title of a representative of infant *Page 172 
beneficiaries. A conspicuous misuse or misapplication of technical terms will not be permitted to overthrow the indubitable design and evident contemplation of the testatrix. A similar imperfection in the use of the title "guardian" instead of "trustee" was present in New Jersey Title Guaranty and TrustCo. v. Smith, 90 N.J. Eq. 386; 108 Atl. Rep. 16.
The conclusion is that the testatrix originated and established a residuary trust in the terms of the "Fourth" article of her will, and that Louis E. Arnold is clothed with the authority to administer the trust as a testamentary trustee and subject to all of the incidents of that relation.
A decree embodying these conclusions will be advised.