GRAYDON'S EXECUTORS, appellants, and GRAYDON and others, respondents.

1. In order to ascertain testator's intention as expressed in his will, the whole will, so far as it in any wise relates to the subject matter in question, must be read together.

2. The question is not what the testator supposed he had done or intended to do, aside from the language of the will. It is the duty of the court to construe the will in the light of the terms used and give to them their legal and natural import.

3. The heir-at-law will not be disinherited, nor forfeiture of an estate decreed, except upon words free from doubt.

The opinion of the Chancellor is reported in 8 *C. E. Green* 230.

*Mr. C. H. Voorhis,* for appellants.

*Mr. M. M. Knapp,* for respondents.

The opinion of the court was delivered by
DALRIMPLE, J.

It was held by the Chancellor in this case, and I think rightly, that the deceased, Samuel Graydon, died intestate as to his real estate, and as to all that part of his personal estate in moneys and securities, except the money legacy and annuity mentioned in the second and third items of the will. In the fifth item, directions are given for the investment and payment over of that part of the estate embraced in that item

not including lands, moneys or securities.    One-fourth is given to each of testator's children and their descendants. The share of John is made subject to the provisions and limitations contained in the eighth item, which declares that in case John shall marry a certain person described, before December 1st, 1879, that then he shall take no part of the estate, either of principal or interest, and that the provision thereinbefore made for him, is made upon condition that he do not marry said person before the time named, and if he do so, such provision is declared void and revoked; and further, that in case he do marry the person named before the time specified, then the executors shall dispose of the estate as if John were dead in the lifetime of the testator intestate, and without issue, but subject in other things to the provisions of the will.    The question presented in reading these two items of the will is, whether John, by his marriage contrary to the provision of the will, has forfeited as well his right as legatee, as his right as heir-at-law and next of kin, to that part of the estate of which his father, the testator, died intestate?  In order to ascertain the testator's intent in this regard, the whole will, so far as it in any wise relates to the subject matter in question, must be read together.

I think the plain, natural import of the words used is that, in case John contracts the prohibited marriage, he shall forfeit only that part of the estate given him and his descendants by the will.    In no part of the will, save one which will hereafter be noticed, does the testator give directions as to the disposition of any part of his estate, except that willed in item five; and, in my opinion, it would be a strained construction, to make the eighth item, which contains the clause of forfeiture, relate to any other property except that with which the testator was dealing in and by his will.    I see no warrant for holding, on the language used, that he then had in his mind that part of his estate not embraced in the will. If conjecture might be indulged, we might readily enough, perhaps, conclude that the testator intended to dispose of his whole estate, and supposed that he had done so, and that

John and his descendants were given one-fourth of the whole, subject to forfeiture, if the prohibited marriage was contracted. But the question is not what the testator intended to do, or supposed he had done, aside from the language of the will. Our duty is to construe the will in the *light* of the terms used, and give to them their legal and natural import. The conclusion to which I have come is, I think, fully warranted by a careful reading of the eighth clause of the will, either by itself or in connection with the fifth clause. The directions are that, in the event named, John shall take no part or share of the estate, either of principal or interest, and that the provision thereinbefore made for him is upon condition that he do not marry the person described within the time named; if he do, then such provision is declared void, and revoked.

If the clause ended here, I think it would be very clear that it related only to the provision thereinbefore made for John. The words, " principal and interest," cannot be made to refer to lands, and it is evident, from the words used, that the testator did not suppose he was dealing with any part of his estate other than that from which he had just before made " provision " for his children. But stress is laid on the concluding words of the clause, which are that, in the event named, the executors are ordered to dispose of the estate as if John were dead in the lifetime of testator intestate, and without issue, but subject, in other things, to the provisions of the will. I do not think this latter clause can be extended in meaning or effect, beyond the first. By the first clause of the item or section, the testator had named an event, on the happening of which, the gifts made to John should be recalled. By the second clause, he declares the mode of the disposition of these gifts when so recalled. It would certainly be a forced and strained construction to hold that, in the first clause of the eighth item, the testator is dealing with the " provision " which he had made for John, and in the second clause he refers to property not affected by the will, and from which no " provision " had been made for John or any other of testator's children.

It has been suggested that the sixth item of the will shows that the testator did not die intestate as to any part of his estate. That item says that if all testator's children shall die before a division of the property be made under the fifth item, leaving no lawful issue, then, and in that case, all the said rest of the estate, including said moneys and securities and real and personal estate of every kind and nature, shall go to testator's brothers and sisters. The only effect of this item is to make a general disposition of all testator's real and personal estate, in the event of all his children dying without issue before a division is made, not of all his estate, but of the property under foregoing provisions, which provisions do not refer to the lands or testator's moneys or securities. The most that can be said of it is that in a certain event, which has not happened, the testator has made disposition of all his estate. It may here be remarked that when, in this sixth item, testator refers to his entire estate, he uses terms comprehensive, apt and proper to embrace the whole. His failure to do so in the eighth item is, if we confine ourselves, as we must do, to the words of the will, an additional reason for the inference that he thereby intended to refer only to that part of his estate, out of which he had made provision for his children. The heir-at-law will not be disinherited, nor forfeiture of an estate decreed, except upon words free of doubt. 1 *Redfield on Wills, p.* 434, § 18. Such words we do not find in the will before us, and it must therefore be held that, as to that part of the estate not passed by the will, John Graydon takes his equal share as one of the children and heirs-at-law of the deceased. It will be perceived that this construction of the will makes the words " but subject in other things to the provisions of this my will," at the end of the eighth item, refer to the share of John under the fifth item, and not to the whole estate. The brothers and sisters of John will, therefore take, under the will, equal shares of the forfeited or lapsed estate by way of addition to the shares given them, and subject to the same directions and limitation annexed by the will to these shares. The result, in respect to this part of the estate, seems to carry

Easton and Amboy R. R. Co. *v.* Inhabitants of Greenwich.

out the intention of testator, so far as we can judge from the words used, and is in better harmony with the scope and object of the will than the construction adopted by the Chancellor.

The construction of the will by the Chancellor, in other respects, is, for the reasons assigned by him, adopted by this court.

The decree must be reversed and made in conformity with the views above expressed.

Decree reversed by the following vote:

For reversal—BEASLEY, C. J., BEDLE, CLEMENT, DALRIMPLE, LATHROP, LILLY, WOODHULL. 7.

For affirmance—DODD, GREEN, SCUDDER, VAN SYCKEL. 4.