Frank G. Wild and the Hackensack Trust Company, as trustees under the will of William L. Brown, deceased, have filed three bills of complaint which they have brought on together for hearing. The will of Mr. Brown created three trusts of $35,000, for the several benefits of his three children. The will provides:
"The trustees of any of the trusts created by this, my will, may, in their discretion, retain as investments of any of said trusts, any of the property and securities which I may own at the time of my death, not hereinbefore specifically devised and bequeathed, but any new investments of any said trust funds shall only be those authorized by law."
The executors set up the trusts by turning over to themselves as trustees corporate stocks which the testator owned at his death. See In re Brown, 112 N.J. Eq. 499. The trustees pray instructions as to the retention of these stocks.
The bills present identical questions of law and fact arising from the same will. The three causes should have been joined in one bill. Chancery rule 23. The course adopted by complainants has no advantages and increases expense.
The duty of the court, when asked by trustees to instruct them as to the retention of investments, is much the same as that which rests upon the trustees themselves. First must *Page 33 
be made such inquiry into the facts as will justify a judgment as to the stability of the investment, and then the court may instruct the trustees to retain the investment if it appears to be safe, but not otherwise. A trustee — or in this instance, the court — should ascertain the nature and at least the book value of the assets of the company in which he holds stock, the amount of the bonded debt and other securities ahead of his own. He should study the earnings and in general make whatever inquiry may be necessary to enable him to form an intelligent judgment of the investment. Merely reading market quotations or asking a broker what he thinks of such and such a stock, is not enough.
While a trustee is only required to exercise the caution of an ordinarily prudent man, there is one distinction to be kept in mind. Prudent men properly may, and often do, embark a part of their own capital on speculative enterprises, but it is a breach of trust for a trustee to take speculative risks, though for the benefit of the estate. Tuttle v. Gilmore, 36 N.J. Eq. 617. A speculative investment is one in which there is a substantial danger of loss of principal balanced by a prospect of appreciation of principal or by the receipt of an abnormal rate of income. Some few common stocks, because of the ample assets which they represent, the steady earnings of the company and the conservatism of its management, fall into the class of safe investments, and such the trustee may properly retain. But stock which is of a speculative nature must be disposed of. A trustee is not justified in continuing to hold it, merely in the hope that the market will go up. General authority given by will or by statute to retain investments is not an authority to speculate. A trustee may retain only safe investments and may retain them only so long as they remain safe.
In the present case, the proofs indicate that the common stocks of the Baltimore and Ohio Railroad Company and of the New York Central Railroad Company and the preferred stock of Long Island Lighting Company, are too risky for a trustee to hold. No evidence was presented in regard to the stocks of Merchants Refrigerating Company and Northern *Page 34 
Orchard sufficient to justify an opinion as to their character. The other stocks in question appear to rest on a strong foundation and these the trustees may presently retain.
The bill of complaint says that forms of real estate investment authorized by law are undesirable. With that, I cannot agree. Land values are about half of what they were six or eight years ago. There is no indication that they are going lower. Trustees can invest funds at five or six per cent. on mortgages for not more than sixty per cent. of the present value of property and in this way can secure great safety for their estate. *Page 35