In the matter of the estate of FREDERICK T. WARD, deceased.

[Decided April 30th, 1937.]

*Messrs. Milton, McNulty & Augelli,* proctors (*Mr. John Milton,* of counsel), for the United States Trust Company.

*Messrs. Van Blarcom & Ligham,* for Frederick L. Ward.

PER CURIAM.

The will of Frederick T. Ward, after revoking former wills, directing payment of debts, &c., and of inheritance taxes out of the general estate, and a cash legacy of $1,000, under "Item 4" bequeathed to his executors $60,000 in trust to invest the same and apply the net income or so much as necessary for the benefit of Frederick L. Ward, testator's nephew, and his family, with broad discretionary powers, and with ultimate division of the principal after his death.

"Item 5" bequeathed $12,000 to the executors as trustees to invest and pay net income to one Lotten Anderson during her life. There is no specific direction as to what is to become of the principal after her death.

The executors named were Mrs. Lillie T. Ward and the above named trust company. Mrs. Ward did not qualify. The trust company, instead of taking over $60,000 and $12,000 in cash, and investing the money as directed, took over as trustee certain investments made by the testator in his lifetime, consisting mainly of stock in banks and insurance companies not suitable for original trust investment. These assets depreciated until the market value of the trust funds had shrunk, as stated in the memorandum filed by the vice-ordinary, to about $14,000 and $3,000, respectively. The trustee claimed allowance for such depreciation, and received it in the orphans court, but on appeal this was reversed and the trustee was surcharged. The vice-ordinary, though apparently deeming the statute relating to continuance in good faith by an executor or trustee of investments made by the deceased (*Comp. Stat. p. 2271 § 34*) to be applicable, nevertheless held that the trustee had not used due diligence either in taking over the securities or in retaining them on a steadily falling market. With his conclusions of fact we agree, and this makes it unnecessary to consider the point made in the brief for the beneficiaries, that the statute is not applicable to a case of a testamentary trustee accepting a money legacy in the form of securities coming to it as executor. This disposes of the trust company appeal.

Item 6 of the will disposed of the residuary estate. This was bequeathed to the executors in trust to invest and pay the income to the widow for life, and thereafter the principal to be divided among certain designated relatives, of whom the appellant Frederick L. Ward is one. Here, it will be observed, there was no pecuniary legacy as such. The executor took the residuary estate and, in general, continued the stock investments of testator. As to this residuary estate, the vice-ordinary points out that the condition of the estate in 1930 was laid before the orphans court and approved without objec-

tion. That court, and the prerogative court, concurred in holding that the trustee had not, on the whole, been shown to be negligent in retaining the securities in question. The issue is one of fact, and our examination of the case leads to a concurrence in the finding of the two lower courts in this regard. The decree of the prerogative court is therefore affirmed. We think costs and counsel fees were properly awarded.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, HEHER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 11.

*For reversal*—BODINE, PERSKIE, HETFIELD, JJ. 3.