Complainant, as administrator cum testamento annexo and trustee under the last will and testament of Henriette Bondi, seeks the construction of that instrument and particularly desires to be instructed as to the meaning of the word "securities" as used in the seventh paragraph of the will, *Page 91 
and as to the trustee's powers thereunder to invest and reinvest trust funds in stocks and securities notwithstanding the same be not classified as legal investments for trust funds by the statute.
Testatrix died April 29th, 1931, leaving a will written in her own handwriting by which, after making certain bequests to her daughter and various relatives, she devised and bequeathed the residue to the complainant in trust to pay the income to certain of her relatives for life and with the remainder over to a class in which the infant defendants are included. By the seventh clause of the will she provided, in part, as follows:
"Seventh. My executors and trustees are expressly authorized and empowered to hold as part of my estate and of the trust hereby created any investments made by me in my lifetime, which shall come into their hands as part of my estate and of the said trust, notwithstanding they may not be such as are legal for trust investments under the law of the State of New Jersey, nevertheless authorizing and empowering said executors and trustees whenever in their judgment such action shall be either necessary or advisable for the safety or enhancement of my estate or said trust, to sell and dispose of the same from time to time and the proceeds of such sale or sales shall be invested and reinvested in such securities as it may deem advisable and for the best interests of my estate, notwithstanding the same may not be such as are classified by the laws of the State of Jersey as legal investments for trust funds."
The inventory and appraisement fixes the value of the decedent's estate at $324,510.20 and of this total $184,085.26 was invested in stocks and $17,100 in bonds; assets valued at $109,250 are listed in the inventory under the heading "mortgages." The two principal life beneficiaries of the trust, being the daughter and granddaughter, respectively, of the testatrix, claim that the term "securities" as used in paragraph seven of the will includes and was intended by the testatrix to include, stocks; and that the complainant is therefore empowered by that paragraph to invest and reinvest in non-legal stocks and securities.
In construing a will, the ordinary and commonly accepted meaning of a word is to be given to it unless a contrary intention *Page 92 
is disclosed by the will itself. It is argued on behalf of the infant defendants that the word "securities" was used in this will in its strict sense, as defined in Graydon's Executors v.Graydon, 23 N.J. Eq. 229; affirmed, 25 N.J. Eq. 561, where it was held by Chancellor Zabriskie that shares of the capital stock of a corporation were neither money nor securities, but simply the title of the corporator to his proportionate share of the corporate property and income; and it is urged that this decision is controlling here. These defendants further rely upon Ward v.Kitchen, 30 N.J. Eq. 31; Woodruff v. Ward, 35 N.J. Eq. 467;Brown v. Brown, 72 N.J. Eq. 667; Babbitt v. Fidelity TrustCo., Ibid. 745. But, as was pointed out in Blanchard v.Blanchard, 116 N.J. Eq. 435; affirmed, 122 N.J. Eq. 372, the construction placed upon the word "securities" in the GraydonCase "arose ex necessitate to carry out the intention of the testatrix." In Blanchard v. Blanchard, supra, the word was given the opposite construction "ex necessitate to carry out the intention of testator." Likewise in In re Cross, 117 N.J. Eq. 429,
the word "securities" was construed to include stocks for the same reason. In the instant case, however, no particular interpretation of the word "securities" is required "exnecessitate to carry out the intention of testatrix." There is no deficiency of income or other circumstance which prevents the complete fulfillment of testatrix' intentions as expressed in her will. The bill is confessedly prompted by the anxiety of one of the life tenants to increase her income and is not impelled by a sense of duty on the part of the trustee to depart from the usual rule touching investments of trust funds. The question flatly presented to the court is whether or not the word "securities" should be interpreted in its restricted sense in accordance with the decision in the Graydon Case, or in the broad and modern acceptation of the term as in Blanchard v. Blanchard, supra.
In the latter case it was pointed out that the Graydon Case was decided in 1872 and that since that time "the modern development of the `investing idea' among the general public has resulted in a synonymous use of terms which originally may have had different *Page 93 
meanings," and that by the modern interpretation of the word "securities" it is inclusive of stocks. The same rule has been adopted in other jurisdictions among which may be cited, in addition to those cited in Blanchard v. Blanchard, supra; InRe Vanderbilt's Estate (1928), 299 N.Y. Supp. 631; IrvingTrust Co. v. Natica, 284 N.Y. Supp. 343; In re Stark's Will
(Wisconsin Supreme Court, 1912), 149 Wis. 631;134 N.W. Rep. 389; Battles v. Hackett (Wis.), 188 N.W. Rep. 78; City BankFarmers Trust Co. v. Lewis, 122 Conn. 384; 189 Atl. Rep. 178.
And see 56 C.J. 1279.
In 2 Schouler on Wills (6th ed.) 1288, it is said that present usage gives the word "securities" a generous scope far beyond its literal meaning. And it would seem that by the clear preponderance of authority in this country that "in the general usage of speech employed by men of business affairs the word `securities' is used in its widest sense to describe the broad class of financial investments," and that as so employed it is inclusive of stocks, common and preferred. In re Vanderbilt'sEstate, supra. That this is so is indicated by 1 TheRestatement of the Law of Trusts 657 § 227, comment "u," as follows:
"A provision in the terms of the trust authorizing the trustee to invest in `securities' is ordinarily interpreted as broad enough to include not merely secured obligations but also other investments such as shares of stock or debentures. An authorization to invest in securities, however, does not of itself empower the trustee to make an investment which would not be made by a prudent man dealing with his own property and having primarily in view the preservation of the trust estate and the amount and regularity of the income to be derived."
In view of the modern interpretation of the word "securities," I think that it may be safely said that where a will specifically empowers the trustee to retain, and to reinvest in, non-legal securities, the word "securities" will be construed to include stock, both common and preferred, as well as bonds and other investments contemplated by its strict construction; but that where there is no indication in the will that the testator intended the trustee to invest in other than legal securities, as that word is used in our statute defining *Page 94 
legal investments for trust funds, the word "securities" must be given its restricted meaning, which excludes stocks and includes only such securities as are named in the statute as legal investments. In the instant case it would seem that the word "securities" was used "in the vocabulary of ordinary life and not in any technical or narrow sense" and that in its ordinary acceptation the word is inclusive of stock, both preferred and common, and that it should be interpreted accordingly. Paragraph "ninth" of the will is somewhat persuasive of this conclusion. The trustee is admonished, however, that the modern construction of the word in no sense relaxes the rule of duty or the standard of care and prudence required of the trustee, and is not a license for speculation, carelessness of administration, or an excuse for unfaithfulness to duty.
I will advise a decree accordingly.