In the matter of the intermediate account of the PATERSON NATIONAL BANK, trustee for Virginia and Louise Griggs under the will of John W. Griggs, deceased.

[Argued February 8th, 1940. Decided April 25th, 1940.]

*Messrs. McCarter & English (Arthur F. Egner,* of counsel), for the petitioner-appellant, Rosa M. Spaens, as guardian of Virginia and Louise Griggs.

*Messrs. Davies & Davies,* for the respondent, The Paterson National Bank, trustee of John W. Griggs, deceased.

PER CURIAM.

This is an appeal from a decree of the Prerogative Court overruling certain exceptions and dismissing a petition to surcharge the respondent, Paterson National Bank, in connection with an intermediate account filed by it as trustee of a certain fund established by John W. Griggs, deceased, for the benefit of his grandchildren, Virginia and Louise Griggs, who, through their guardian, Rosa M. Spaens, are appellants here.

The exceptions alleged that the accountant (the trustee bank), had improperly retained in its possession as a part of the principal of the trust fund 142 shares of its own stock valued at the time of the death of the decedent at $42,600

and worth at the time of the accounting about $5,600 and producing no income, during the period covered by the accounting.

The exceptants sought to surcharge the trustee bank with $37,000 loss in principal and a loss of income on $42,600 during the period in question. The exceptions charged, among other things, that the accountant violated the duty of undivided loyalty which it owed to exceptants, as their trustee in thus holding its own stock in the trust funds and permitting an undue portion of the trust estate to remain invested in one security, to wit, its own capital stock.

The facts of the case are stated in the opinion of the learned Vice-Ordinary, who, after hearing the witnesses and examining the evidence, held that the trustee bank was not guilty of bad faith, gross error in judgment or negligence or failure to exercise ordinary care and prudence in the performance of its trust.

We have carefully examined the proofs and the law submitted by counsel for the respective parties and have reached the conclusion that the Vice-Ordinary was fully justified in his findings of the essential facts and correct in his application of the law to the facts so found.

The decree overruling the exceptions and dismissing the petition to surcharge the trustee is therefore affirmed.

*For affirmance*—The Chief-Justice, Case, Bodine, Donges, Heher, Perskie, Porter, Hetfield, Dear, Wells, Wolfskeil, Rafferty, Hague, JJ. 13.

*For reversal*—None.