The late Eliza O.D. Reinhardt, by her last will and testament, directed that her estate should remain intact during the lifetime of her husband and that the net income should be paid to him. To her executors she gave "power to reinvest, in a safe and proper manner, in bonds and mortgages, or reliable bonds and stocks." One of the executors, who is the complainant in this cause, asks the court to construe the will and determine whether he and his co-executor have authority to invest in shares of the capital stock of corporations.
At an early day, 1831, Chancellor Vroom considered at length the subject of investment of trust funds, and laid down two general rules — that an investment is made at the risk of the trustee, unless due security be taken by him, and that due security means either government bonds or landed security, that is, mortgages. Gray v. Fox, 1 N.J. Eq. 259. To the same effect is Vreeland v. Vreeland's Adm'r, 16 N.J. Eq. 512, 530.
Then the legislature in 1865 enacted that any executor, guardian or trustee might lawfully invest in bonds issued by the state, "provided, that this act shall not apply to cases where the deed of trust, or the last will and testament *Page 36 
of any testator, or any court having jurisdiction of the matter, specially directs in what manner the trust fund shall be invested." P.L. 1865 p. 737. From time to time since then the legislature has broadened the legal list, now found in R.S.3:16-1, but the proviso quoted has always been retained in substance.
When the deed of trust or will gives authority to invest in general terms such as to "invest in first class interest bearing securities" or "in productive funds upon good securities," the trustee must invest in such securities as the statute prescribes for trust funds, or as the court on a special application directs. Ward v. Kitchen, 30 N.J. Eq. 31; Woodruff v. Ward,35 N.J. Eq. 467; Brown v. Brown, 72 N.J. Eq. 667; Babbitt v.Fidelity Trust Co., 72 N.J. Eq. 745, 758. Likewise, if there is a general direction to invest in securities of a certain class which is included in the statutory list, the trustee is limited to such securities of the designated class as fit the statutory specifications. Thus, the will before me authorizes investment "in bonds and mortgages," but the executors must follow the statute and are by it confined to first mortgages on improved real estate in an amount not exceeding 60% of the estimated worth of the real estate.
But if the trust instrument authorizes investment in a class of securities which is not within the statutory scheme, then the creator of the trust is considered to have intended that the trustee should not be limited by the statute but only by the general rules of good faith and reasonable care. The word "stocks" which appears in Mrs. Reinhardt's will, occasionally refers to governmental obligations when used to describe investments. Gray v. Fox, supra. But commonly, the term means shares of the stock of private corporations. The testatrix presumably employed the word in this sense. At the time the will was made, 1926, and when testatrix died, 1934, the statute governing trustees' investments, Comp. Stat. p. 3864, did not authorize trustees to invest trust funds in any kind of corporate stocks.
Some of the defendants suggest that the clause in the will which I have quoted, should not be construed to give specific power to invest in stocks but rather taken to indicate that the *Page 37 
testatrix considered "reliable bonds and stocks" as a single group and intended her executors to invest "in a safe and proper manner," in such securities of that group as might be specified by the legislature as safe and proper; that the clause is restrictive and does not enlarge the class of securities in which the fund may be put. I do not agree. I think that testatrix clearly intended that her executors might put part of her estate in carefully selected stocks.
Several years after the death of testatrix, the legislature authorized trustees to invest in certain preferred stocks of public utility and industrial corporations. R.S. 3:16-1 (N) and (P); P.L. 1938 p. 438, and in insured building and loan shares, R.S. 3:16-1.1; P.L. 1939 p. 77. The defendants further argue that since the legislature has now declared what stocks are safe and proper for trust funds, the trustees of Mrs. Reinhardt's will must be guided accordingly. I quite agree that when the type of investment specified by testatrix comes within the statute, mortgages, for instance, the trustees in selecting their mortgages are governed by the law in effect at the time the investment is made. But when a testatrix, as here, empowers her trustees to buy a class of securities, corporate stocks, entirely outside the legal list, a statute enacted after her death authorizing investment in certain stocks does not govern, for the testatrix intended that her trustees in buying stocks should not be limited by the statute.
The trustees will be instructed that they have authority to invest in corporate stocks without regard to the limitations of the statutes of 1938 and 1939. They will, of course, be required to exercise the caution of ordinary prudent men in accordance with the principles mentioned in Wild v. Brown, 120 N.J. Eq. 31,
and other cases. *Page 38