This is a suit for construction of a will. Testatrix left surviving her three brothers, Joseph H. Warmolts, Arnold H. Warmolts, John H. Warmolts, a sister, Anna Warmolts Mersereau, and the children of Nicholas E. Warmolts, a deceased brother. The paragraphs of the will which are involved are as follows: *Page 598 
 "Second: I give and bequeath to my brother, John H. Warmolts, and my sister-in-law, Nillie C. Van Nest, the interest, dividends or earnings from my investments, for the term of their natural lives, to have the same share and share alike; and in the event that the said interest, dividends or earnings from said investments should prove insufficient for their needs, due to some unforeseen or unsuspected reason, such as illness, operation or any other just reason, then the principal of the said investments may be drawn upon, after due consideration and consultation of my executor and executrix hereinafter named, it being my intention that both parties enjoy all the comforts of a reasonable mode of living.
"Third: After the decease of either my said brother, John H. Warmolts, or my said sister-in-law, Nillie C. Van Nest, it is my desire that One Thousand ($1,000.00) Dollars, be given to each of my brothers and sister, namely, Joseph H. Warmolts, Nicholas E. Warmolts, Arnold H. Warmolts, and Anna Warmolts Mersereau, which sums are to be paid out of my investments referred to in paragraph numbered "Second" of this my last will and testament; should any of my said brothers and sister predecease me then said money or moneys is to revert to my estate; the rest, residue and remainder of my investments I hereby give and bequeath to the children of my brothers Arnold H. Warmolts, and Nicholas E. Warmolts, and the children of my sister, Anna Warmolts Mersereau, equally, share and share alike, to be given to them after the decease of the last survivor of my said brother, John H. Warmolts and my said sister-in-law Nillie, except, however, that the interest of said investments be distributed among my following brothers and sister during the term of their natural lives in the manner following: Five tenths of said interest to be paid to my brother Nicholas E. Warmolts, Two tenths to my sister Anna Warmolts Mersereau; my investments are not to be divided between the children of my said brothers and sister as aforesaid until the decease of the last survivor of them, unless, my said brothers and sister desire to bequeath or relinquish all rights in the same under this my will."
"Eleventh: I give and devise to my brother John H. Warmolts and my sister-in-law Nillie C. Van Nest, my homestead at 65-67 East 16th Street, Paterson, N.J., to hold the same in fee simple as tenants in common, where they shall live comfortably for the remainder of their years, in the event, however, that they are unable to keep up the same, they may either profitably sell the same when opportunity prevails, and place the proceeds out on good mortgages or other good investments, or they may purchase a suitable smaller home, with part or whole of the proceeds acquired from said sale, they are not to do the same, however, until they have first obtained the advice of my brother Nicholas E. Warmolts.
"Twelfth: All furnishings in my home such as imported rugs, mahogany furniture of dining room and bedroom, etc., and not bequeathed as aforesaid, are to remain in said home devised to my brother John H. Warmolts and my sister-in-law Nillie C. Van Nest, unless she wishes to dispose of the same and purchase smaller or *Page 599 
more suitable rugs, if said home is sold and a smaller home purchased as set forth in paragraph numbered "Eleventh" of this my will.
"Thirteenth: All the rest, residue and remainder of my estate whether real, personal or mixed, I give, devise and bequeath to my brother John H. Warmolts and my sister-in-law Nillie C. Van Nest, share and share alike."
The testatrix died in 1941, having been predeceased by Nillie C. Van Nest.
The administrator paid the bequests of $1,000 as provided in the third paragraph of the will to the surviving brothers and sister, except that he refused to make the payment to Arnold H. Warmolts on the ground that it is offset by a debt of the same amount due to the estate in the form of a note executed by him to his sister. He contends that he is not indebted to the estate; first, because the note is barred by the statute of limitations, and second, because the debt was paid by the delivery of furniture and merchandise to the testatrix. The first contention is unsound since the statute of limitations cannot be availed of against an estate from which the debtor is claiming a bequest;In re Kraeuter, 125 N.J. Eq. 120. As to the claim of payment of the note, his evidence was unsatisfactory and unconvincing, particularly in view of the fact that the testatrix was in possession of the note up to the time of her death. The amount of the note will be offset against the bequest.
As to the construction of the quoted clauses of the will, it is the contention of complainants that these clauses should be given effect as follows:
Under paragraphs second and third, John H. Warmolts is to receive one-half of the interest, dividends, or earnings from the personal property only of testatrix, less the $4,000 bequeathed as specific legacies under paragraph third during his lifetime. The specific legacy of $1,000 to Nicholas E. Warmolts lapsed by reason of his death, and by the express provision of paragraph third is to revert to the estate and be distributed under the residuary clause, paragraph thirteenth. The bequest to Nillie C. Van Nest lapsed and falls into the residuary. After the death of John Warmolts the income from one-half of the personal property of which he is the *Page 600 
life beneficiary is to be paid two-tenths to Arnold, two-tenths to Anna, five-tenths to the children of Nicholas, and the remaining one-tenth falls into the residuary, and upon the death of both Anna and John, the corpus is to be distributed among the children of Nicholas and Anna. Under paragraph twelfth, one-half of the furnishings are to go to John H. Warmolts, and the other half goes into the residuary. Under paragraph thirteenth, one-half of the residue, as determined by the foregoing constructions claimed by the complainants, is to be turned over to John H. Warmolts and the other half is to be considered as a lapsed legacy and devise and is to be distributed equally, one-fifth each to the surviving brothers and sister, including John H. Warmolts, and one-fifth to the surviving children of Nicholas E. Warmolts.
On the other hand, it is the contention of the defendants that the term "investments" as used in the will includes real estate of testatrix as well as her personal property, and that John H. Warmolts is entitled to the entire interest, dividends and earnings from the estate during his natural life, and that the real estate referred to in paragraph eleventh, now the homestead on East Sixteenth Street, Paterson, New Jersey, becomes his absolutely together with the furnishings mentioned in paragraph twelfth. These contentions are based upon what is asserted to be the dominant and manifest purpose of testatrix as shown by a reading of the whole will taken together. I think it is clear from such a reading of the will that it was the purpose and intent of testatrix that her brother, John, and her sister-in-law, Nillie C. Van Nest, should continue to occupy the homestead during their entire lives and the life of the survivor of them, and that sufficient income should be provided to maintain them and the survivors of them comfortably in this home with its furnishings as it existed at the time of testatrix' death. This seems to be clearly indicated by the provision of paragraph second that in case of need the corpus of the estate could be drawn upon so that the beneficiary shall enjoy the benefits of a comfortable mode of living.
It is true that paragraph eleventh uses the expression "tenants in common" in making the devise of the homestead. *Page 601 
But this specific language must yield to the intention as found from an examination of the entire will.
In Tzeses v. Tenez Construction Co., 95 N.J. Eq. 145, the court says that:
"The cardinal rule of construction is to give effect to the intent of the testator, irrespective of the technical meaning of words, unless such intent is plainly in contravention of law."
In Peer v. Jenkins, 102 N.J. Eq. 235, the court said:
"In construing will, object is to determine testator's intent from whole document as applied to his situation.
"Courts, in construing a will, may depart from its strict words and read a word or phrase in a sense different from that which is ordinarily attributed to it, when such departure is necessary to give effect to what appears, on a full view of the whole will, to have been the intention of the testator."
To the same effect Fink v. Harder, 111 N.J. Eq. 439;Blanchard v. Blanchard, 116 N.J. Eq. 435, and Second NationalBank and Trust Co. v. Borden, 113 N.J. Eq. 378.
In Dildine v. Dildine, 32 N.J. Eq. 78, and in Rippel v.King, 126 N.J. Eq. 297, it was pointed out that even though beneficiaries were listed by name, if the intention sufficiently appears elsewhere in the will, the provision in question will be construed as though the individuals were named as a class so that there will be no lapse by reason of the death of one of them. I accordingly find that, under the provision of the quoted paragraphs of the will, it was the intention of testatrix that in case of the death of her sister-in-law, her brother should take the bequests and devise which would have gone to Nillie C. Van Nest had she survived testatrix.
As to the construction to be given the word "investments" in the will, I think it is clear from a reading of the entire will that testatrix intended it to cover all her propery, both real and personal, from which she derived an income. In Una v.Dodd, 39 N.J. Eq. 173, it was held that the word "investment" was not limited to personal property, but also included any income producing property. That testatrix intended to give the entire income of her estate to her brother and sister-in-law, and not limit it to the income from personal *Page 602 
property, has been already in my opinion sufficiently shown. I therefore hold that the term "investments" includes real estate. Applying these conclusions to the situation before the court, the effect is that John H. Warmolts is the complete owner of the homestead and the furnishings thereof, and is entitled for life to all the income from the estate with the exception of the specific legacies of $1,000 each already paid. After the death of both John H. Warmolts and Nillie C. Van Nest, the income is to be distributed in the proportions set forth in paragraph third among the other two brothers and sisters, with the remainder to the children of Nicholas E. Warmolts and Arnold H. Warmolts. This disposes of the entire estate, so that nothing remains to be disposed of under paragraph thirteenth, which apparently was inserted in the will merely as a precautionary measure to cover some possible contingency which has not arisen.