This case has been submitted on the pleadings, a stipulation of facts and the briefs of counsel.
The bill seeks the construction of the last will and testament of Margaret S. Wallace, deceased, specifically of the "6th" clause of the will and the fourth numbered paragraph thereof, which reads as follows:
"With power in my Executor and Trustee":
"4. To invest and reinvest, alter, vary and change investments and reinvestments, at discretion, not being confined to what are known as Legal Investments; any Statute to the contrary notwithstanding." *Page 72 
But one word of this paragraph needs interpretation. That is the word "investments." The question is whether that term is broad enough to include common and preferred stocks of private corporations. The answer is not difficult in view of the accepted definitions of the word "investment" in standard dictionaries and previous constructions of the word by courts and legislative bodies. In Blanchard v. Blanchard, 116 N.J. Eq. 435; affirmed,122 N.J. Eq. 372, and in Fidelity Union Trust Co. v. Lowy,123 N.J. Eq. 90, I had before me the question of the interpretation of the meaning of the word "securities" as used in the wills there involved, and I held in both cases that the word "securities" included both common and preferred stocks of private corporations, and that in the modern adaptation of the word the meaning was the same. In my judgment the word "investments" is a broader term than the word "securities," and I have no hesitancy in saying that, as used in the Wallace will, the words "investments," "investments and reinvestments" include common and preferred stocks of private corporations. This conclusion agrees with the dictionary definitions cited by counsel for the defendant in their brief, and also the interpretation placed upon it by this court in Harris v. Guartee Trust Co., 115 N.J. Eq. 602; affirmed, 117 N.J. Eq. 423; Wild v. Brown, 120 N.J. Eq. 31; In re Ward, 121 N.J. Eq. 555; affirmed, 121 N.J. Eq. 606; TheMorris Community Chest v. Wilentz, 124 N.J. Eq. 580 (in this case the use of the word "investment" by Vice-Chancellor Stein is significant); In re Paterson National Bank, 125 N.J. Eq. 73;affirmed, 127 N.J. Eq. 362, in which the term "stock investment" is used by Vice-Chancellor Lewis; Warmholts v. Holt, 133 N.J. Eq. 597,
in which the word "investments" was held to include real estate as well as personal property. And see, also, R.S.3:16-1 as amended by chapter 166, P.L. 1942 p. 476, entitled, "An act relative to investments by fiduciaries, c.," and R.S.3:16-12, where the use of the word "investments" leaves no doubt that it was intended by the legislature that it should apply to common and preferred stocks of private corporations. *Page 73 
I will advise a decree accordingly. But, to repeat the statement which I made at the conclusion of my opinion inFidelity Union Trust Co. v. Lowy, supra, "The trustee is admonished, however, that the modern construction of the word in no sense relaxes the rule of duty or the standard of care and prudence required of the trustee, and is not a license for speculation, carelessness of administration, or an excuse for unfaithfulness to duty."